# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00117-KD-B |
| | ) |
| WILLIE DEANGELO THOMAS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Willie DeAngelo Thomas' Motion for Imposition of a Reduced Sentence pursuant to the First Step Act, the United States' response, Thomas' reply, the United States' surreply, and Thomas' response (docs. 49, 52, 54, 69, 61). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED.

In May of 2009, Thomas was indicted for conspiracy to possess with intent to distribute "more than 5 grams of" crack cocaine (Count One), possession with intent to distribute "38 grams" of crack cocaine (Count Two), possession of a firearm during and in relation to a drug trafficking crime (Count Three) and possession of a firearm by a convicted felon (Count Four) (doc. 1). Thomas pled guilty to Count One and Count Three (doc. 33, Plea Agreement; doc. 34, Order on Guilty Plea). In the factual resume, Thomas agreed that the United States could prove his involvement with 37.10 grams of crack cocaine (doc. 33, p. 18).

Prior to sentencing, the United States filed two notices of enhancement information, which showed that Thomas had prior convictions for felony drug offenses (docs. 17, 32). At that time, with prior felony drug offenses, Thomas' conviction for more than 5 grams of cocaine resulted in a mandatory minimum sentence of 120 months with a maximum sentence of life. 21 U.S.C. § 841(b)(1)(B) (2010). At sentencing, his total offense level was calculated as 27 based

on his admission to 37.10 grams of crack cocaine. With a criminal history category of IV, his guideline range was 100 to 125 months as to Count One. However, since the mandatory minimum sentence was 120 months, his guideline range became 120 to 125 months. He was also subject to the 60-month consecutive sentence for Count Three. Thomas was sentenced on April 2, 2010 to a total term of 180 months, which consisted of 120 months for Count One and 60 months, consecutive, for Count Two (doc 42). The remaining Counts were dismissed (Id.)

Thomas has now moved for a reduced sentence under § 404 of the First Step Act of 2018 (doc. 49).[1] In relevant part, the Act sets forth as follows:

> (b) Defendants Previously Sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221.

The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more and the 50 grams or more threshold with 280 grams or more. Additionally, and relevant to Thomas's motion, both prior to and after the Fair Sentencing Act, § 841(b)(1)(C) provided that in a case involving a quantity of a Schedule II controlled substance, such as crack cocaine, that did not fall within § 841(b)(1)(A) or (B), the defendant "shall be sentenced to a term of imprisonment of not

---

[1] Initially, Thomas argued that neither of the two offenses used to enhance his sentence qualified for that purpose because they were "not 'serious drug felonies' as defined under § 40[1](a) of the First Step Act" (doc. 49, p. 8-9). However, § 401 of the First Step Act does not apply retroactively. Section 401(c) states: "Applicability to pending cases: This section, and the amendments made by this section, shall apply to any offense that was committed before the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." See First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5221.

more than 20 years" and if "any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years …" 21 U.S.C. § 841(b)(1)(C).

Thomas argues that in "applying the Fair Sentencing Act the applicable statutory penalty range is determined by the amount of drugs charged in the offense to which [he] entered his guilty plea" – 5 grams or more (doc. 54, p. 3). Since 5 grams or more is less than 28 grams, his mandatory minimum sentence is now controlled by 21 U.S.C. § 841(b)(1)(C). Thus, he argues that applying the relevant section of the Fair Sentencing Act "as if" it had been in effect at the time of his sentencing reduces his statutory penalty range as to Count One, with the enhancement, from the mandatory minimum of 120 months to life to 0 to 30 years. Thomas argues that because he is no longer subject to a statutory mandatory minimum sentence there is no impediment to imposing a reduced sentence. Thomas calculates his revised guideline ranges as 70 to 87 months. Thomas argues that if sentenced to the low end of 70 months and including the 60 month consecutive sentence his total sentence would be 130 months. Considering that he is due "good time" credits and has served 117 months in custody, he seeks immediate release.

The United States argues that the Court should look to the plea agreement to determine what Thomas' penalty would be if he had been sentenced under the Fair Sentencing Act. The United States argues that because Thomas admitted in his plea agreement that he was accountable for 37.1 grams of crack cocaine, an amount which exceeds 28 grams, § 841(b)(1)(B) still applies and with his prior drug felony offenses, his statutory minimum sentence remains at 120 months (doc. 52).

The Court disagrees for two reasons. First, when determining the **statutory** penalty for an offense the Court looks to the offense charged in the indictment, not the quantity to which the

defendant later agrees in a factual resume. Second, the factual resume is agreed to by the defendant to establish a factual basis for the plea and often to resolve sentencing guideline issues. The factual resume regularly includes an agreed amount of controlled substance for which a defendant is responsible for purposes of relevant conduct, i.e., for purposes of determining the guidelines. The factual resume cannot amend the indictment.

As succinctly stated in United States v. Pierre, ––– F.Supp.3d ––––, ––––, Cr. No. 07-003 WES, 2019 WL 1495123 (D.R.I. Apr. 5, 2019):

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.
>
> The Government's approach, while reasonable, is problematic in several ways. First, it effectively requires the Court to employ a prosecutor-friendly "way-back machine" to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect.

United States v. Pierre, 2019 WL 1495123 at *5.

The undersigned also finds persuasive United States v. Davis, No. 4:92-cr-04013-WS-CAS (N.D. Fla. Mar. 6, 2019), ECF No. 2245, wherein the district court explained as follows:

> Congress could have directed district courts to do what the government suggests. Instead, in the First Step Act, Congress authorized district courts to reduce the sentence of a defendant "as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). If section 2 of the Fair Sentencing Act had been in effect when Davis's covered offense was committed, this court would have been obliged to inform Davis at arraignment that he was facing a five-to-forty-year statutory penalty range, not a ten-year-to-life range. Congress did not direct district courts to consider, and this court declines to consider, what the government might have

charged had the Fair Sentencing Act been in effect when Davis's offense was committed.

The parties do not dispute that Thomas' crack cocaine offense constitutes a "covered offense" under § 404(a)[2] of the First Step Act and that none of the limitations of § 404(c)[3] apply. Therefore, the Court has the authority to resentence Thomas "as if" the Fair Sentencing Act's lower threshold quantities had been in place when he was sentenced.[4]

The revised calculation under the sentencing guidelines yields a total offense level of 23[5] and a criminal history category of IV. Since Thomas is no longer subject to a mandatory

---

[2] "(a) Definition of Covered Offense. In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

[3] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

[4] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

[5] This offense level takes into account Amendments 782 and 789 (which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table); and 750 and 759 (which reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act). It appears to be the majority view among courts that have addressed the issue, that upon resentencing the Court should incorporate all of the applicable retroactive guideline amendments. See United States v. Clarke, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.' "); United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); United States v. Davis, No. 07-CR-245S (1), 2019 WL

minimum sentence, his sentencing guidelines range is 70 to 87 months as to Count One. His sentencing guideline as to Count 3 remains at 60 months consecutive. The Court finds that a sentence of 80 months as to Count 1, for a total sentence of 140 months is an appropriate sentence. In reaching this decision, the Court has considered relevant portions of the docket including Thomas' plea agreement and factual resume, the presentence investigation report and his conduct during incarceration. Specifically, the Court notes that Thomas' history indicates that he is a drug user and a dealer of large amounts of crack cocaine. However, the Court also notes that there is no history of violence. Moreover, during his incarceration Thomas completed a drug education course and has earned his GED. Both of which will assist Thomas in avoiding recidivism. The Court finds that the guidelines are reasonable and a mid-range guideline sentence is appropriate.

Accordingly, the Court reduces Thomas' term of imprisonment to 140 months, pursuant to 18 U.S.C. § 3582(c)(1)(B).

**DONE** and **ORDERED** this 5th day of June 2019.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense level 33 and criminal history category II...."); United States v. Dodd, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed.").